IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **ROBERT LEE BROOKS, personal representative and heir of ADAMA AJANAKU, deceased,** | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-2189-STA-tmp |
| | ) |
| **GERMANTOWN FALLS OF TENNESSEE, a Limited Partnership; NORTHLAND GERMANTOWN FALLS, LLC; NORTHLAND STONE RIDGE, LLC; NORTHLAND INVESTMENT CORPORATION,** | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

_____

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
_____

  Before the Court is Defendants Northland Germantown Falls, LLC; Northland Stone Ridge, LLC; and Northland Investment Corporation's Motion for Summary Judgment (D.E. # 43) filed on May 25, 2012. Plaintiff has filed a response in opposition. Trial in this matter is currently set to commence on September 17, 2012. For the reasons set forth below, Defendant's Motion is **DENIED** without prejudice.

**BACKGROUND**

  Plaintiff's decedent Adama Ajanaku alleged toxic mold infestation in the apartment she leased from Defendants. According to Ms. Ajanaku's initial complaint, she suffered serious adverse health effects from exposure to the mold, including severe respiratory problems. On May 3, 2011,

1

the United States Magistrate Judge entered a scheduling order, setting January 1, 2012, as the discovery deadline for this case, and February 21, 2012, as the dispositive motion deadline.[1] The Court subsequently extended the discovery deadline to May 15, 2012, and the deadline for filing dispositive motions to June 15, 2012.[2] On January 23, 2012, Defendants filed a suggestion of death, stating that Ms. Ajanaku had passed away on January 6, 2012 (D.E. # 34). Thereafter, Robert Brooks, son of the deceased, was substituted as the named Plaintiff in this matter (D.E. # 37), and an amended complaint was filed (D.E. # 39).

Defendants filed their Motion for Summary Judgment on May 25, 2012. Defendants' primary grounds for judgment as a matter of law was Plaintiff's failure to identify an expert witness to support her claims. According to Defendants, Plaintiff must establish by means of expert testimony a causal connection between the decedent's exposure to toxic mold and her health issues. Defendants further argue that Plaintiff has no actual proof that the alleged mold in her apartment was toxic. No testing on the mold was ever performed. As a result, Plaintiff cannot establish this essential element of the toxic tort claim. For these reasons, Defendants assert that summary judgment is proper.

In response, Plaintiff admits that the time for the disclosure and identification of expert witnesses expired on March 16, 2012. However, Plaintiff emphasizes that the Court did not granted leave to substitute him as the named Plaintiff or to file an amended pleadings until April 17, 2012. Under the circumstances, Plaintiff argues that it was legally impossible for him to act on behalf of

---

[1] *See* Scheduling Order, May 3, 2011 (D.E. # 8).

[2] Order Granting Unopposed Motion to Amend Scheduling Order., Jan 5, 2012 (D.E. # 30). The Court has already granted an earlier motion for extensions on October 5, 2011 (D.E. # 21).

his deceased mother in this suit until the proper steps were taken.  Plaintiff goes on to argue that the Court should enter a new scheduling order and grant an additional opportunity for discovery under Rule 56(f) of the Federal Rules of Civil Procedure.

In addition to responding to the Motion for Summary Judgment, Plaintiff filed a separate motion to amend the scheduling (D.E. # 44), which was referred to the Magistrate Judge for determination.  On June 26, 2012, the Magistrate Judge found good cause to grant Plaintiff's motion (D.E. # 51).  The Magistrate Judge extended the discovery deadline to August 26, 2012, and established December 10, 2012, as the new dispositive motion deadline.  Moreover, the Magistrate Judge extended the deadlines for expert disclosures.  The time for filing any objections to the Magistrate Judge's order has now passed.[3]

## ANALYSIS

A non-moving party must receive "a full opportunity to conduct discovery" in order to respond to a motion for summary judgment.[4]  To that end Rule 56(d) provides that the court may

---

[3] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a) (both providing fourteen days in which a party may object to a Magistrate Judge's order on a non-dispositive matter and both stating that failure to timely assign as error a defect in the Magistrate Judge's order will constitute a waiver of that objection).

[4] *Ball v. Union Carbide Corp.,* 385 F.3d 713, 719-20 (6th Cir. 2004).  *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231-32 (6th Cir.1994) ("[in light of *Anderson* and *Celotex,*] a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery").

"allow time to obtain affidavits or declarations or to take discovery."[5] In order to invoke Rule 56(d), however, the party opposing the motion for summary judgment must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[6] The Sixth Circuit has ruled that the filing of an affidavit and/or motion pursuant to Rule 56 is a necessary prerequisite to granting extensions of time for the purpose of obtaining additional discovery to respond to a motion for summary judgment.[7] Rule 56 also requires that "a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information."[8]

In light of the Magistrate Judge's decision to grant additional time for discovery and expert disclosures, the Court finds Defendants' Motion for Summary Judgment to be moot at this time. Under the new schedule, Plaintiff now has a fresh opportunity to disclose an expert witness who can provide the necessary testimony to prove Plaintiff's toxic tort claim. For this reason alone, the Motion is **DENIED** without prejudice to raise any and all issues in a subsequent motion.

---

[5] Fed. R. Civ. P. 56(d)(2). Though Plaintiff's response brief refers to Rule 56(f), the Court notes that amendments to Rule 56 took effect on December 1, 2010. Much of the case law on motions for additional discovery under Rule 56 discuss the former subdivision (f). The comments to the 2010 amendments indicate that "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Other than recasting subdivision (f) as subdivision (d) and making other stylistic changes, the Court finds that the new subdivision (d) does not significantly differ from the old version of the rule. Therefore, the Court holds that the case law construing the former Rule 56(f) continues to control the application of the new Rule 56(d).

[6] Fed. R. Civ. P. 56(d).

[7] *Plott v. Gen. Motors Corp.,* 71 F.3d 1190, 1196 (6th Cir.1995).

[8] *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000). *See also CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008).

Furthermore, the current trial setting for this case is continued and will be reset by separate order.

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 7, 2012.